IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Petitioner,                      No. CIV 09-992 LKK KJM P

    vs.

CLAUDE FINN,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

         Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his 2005 Sacramento County sentence for burglary and receiving stolen property. Respondent has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations.

I. <u>Background</u>

         Petitioner was convicted in 2001 but resentenced in 2005 after the California Supreme Court remanded the case to the Superior Court. Lodged Documents (Lodg. Docs.) 1-5. He appealed the resentencing; on February 7, 2006 the Court of Appeal ordered the Superior Court to amend the abstract of judgment, but otherwise affirmed. Lodg. Doc. 6. Petitioner did not seek review in the California Supreme Court.

/////

On February 18, 2007, petitioner signed a habeas petition,[1] which was filed in the Superior Court and denied on April 9, 2007. Lodg. Docs. 7 & 8; Pet. (Docket No. 1) at 17-18.[2]

Petitioner's next step was a petition signed on July 21, 2008; this was denied by the Court of Appeal on July 31, 2008. Lodg. Docs. 9 & 10. He filed another petition in the Court of Appeal on October 15, 2008; this was denied on October 30, 2008. Lodg. Docs. 11 & 12.

Petitioner proceeded to the California Supreme Court on November 6, 2008; this petition was denied on December 10, 2008. Lodg. Docs. 13 & 14.

The instant petition was signed on January 12, 2009.

## II. The Statute Of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a statute of limitations for federal habeas actions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing. Respondent accepts the date the petition was signed as the mailing date for purposes of the mailbox rule.

[2] The court relies on page numbers assigned by its ECF system.

1         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

        When a habeas petitioner does not seek review of a Court of Appeal decision affirming his conviction, the conviction is final for statute of limitations purposes forty days after the decision was issued. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008); Cal. Ct. R. 8.366(b)(1) & 8.500(e)(1). Accordingly, this case was final on March 20, 2006 and the statute of limitations began to run the next day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, the statute of limitations would expire on March 21, 2007.

        The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In addition, in Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20. However, in Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852 (2006), the Supreme Court directed the federal courts to determine whether a "gap" petition was delayed unreasonably, even when a state court did not deny the petition as untimely. The court suggested that a gap longer than the thirty to sixty days permitted in states with written rules for filing might be reasonable, while six months would not be. Id. at 854.

        In this case petitioner filed his petition in the Superior Court on February 18, 2007, which was day 334 of the limitations period. The time was tolled through April 9, 2007,

/////

and would begin to run again if the next filing in petitioner's movement up the ladder of state collaterall review was not timely.

It was not. Petitioner signed his Court of Appeal petition on July 21, 2008, a delay of over a year. Petitioner explains the delay by suggesting that he did not learn of the superior court's decision in a timely fashion because he was out of custody. Response (Docket No. 21) at 1. The Superior Court's certificate of mailing, however, shows that the order was sent to a street address, not to an institution of the Department of Corrections, in April 2007. Pet. at 19. In addition, sometime in November 2007, petitioner sought a copy of his writ from the superior court so he could file a further petition in the Court of Appeal. The Superior Court sent him a copy of his petition and its exhibits on November 26, 2007. Id. at 20-22. Even assuming that petitioner did not receive notice of the denial until November 2007, he is not entitled to gap tolling because the petition in the Court of Appeal was not filed until seven months after he received notice. This is too long a gap for tolling purposes. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (115 day gap too long); Waldrip, 548 F.3d at 736 (8 months too long). Accordingly, the statute of limitations began to run again on April 10, 2007, and expired on May 10, 2007. Petitioner's later petitions, in the state Court of Appeal and Supreme Court, were filed after the statute ran and so did not revive it. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The instant petition is not timely.

III. Equitable Tolling

It is possible that petitioner's claimed lack of notice of the superior court's decision is an argument that he is entitled to equitable tolling.

/////

/////

/////

/////

/////

To receive equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  Equitable tolling may be available if a petitioner demonstrates he did not receive a court's decision in a timely fashion.  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (remanding for determination when petitioner received notice); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1062 (C.D. 2001) (inmate presented evidence that Supreme Court decision sent to wrong address).

As noted above, even if the court assumes that petitioner did not receive notice of the Superior Court's denial in a timely fashion, he was aware of the denial by November 2007, when he asked the court to provide copies so that he could proceed to the next level of state collateral review.  Pet. at 20-22.  Even assuming that petitioner would be entitled to equitable tolling until November 26, 2007, the statute would resume running on November 27, 2007, and would expire on December 27, 2007, long before the instant petition was filed.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED:  June 25, 2010.

_____
U.S. MAGISTRATE JUDGE

2
lang0992.mtd